## Clayton *v.* The Chester Traction Company, Appellant.

*Negligence—Contradictory evidence of negligence—Question for jury.*

Where the evidence discloses a number of important, positive and direct contradictions between the plaintiff's and defendant's testimony on material questions, the case presents a condition which can be settled only by submission to the jury under proper instructions.

Argued Nov. 16, 1896. Appeal, No. 3, Nov. T., 1896, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1895, No. 89, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

108　　　CLAYTON *v.* TRACTION CO., Appellant.

Statement of Facts—Opinion of the Court. [3 Pa. Superior Ct.

Trespass for injuries arising from a collision with defendant's car.

From the evidence it appears that the plaintiff, riding a five year old horse bareback northward on Edgemont avenue, was overtaken by defendant's car and the horse collided with the front corner of the car on the right hand side, was thrown and in falling on the plaintiff broke his leg. The evidence as to the negligence of the defendant company was contradictory, there being evidence tending to show that the car was going at a rapid rate of speed, faster than the condition of things at this point justified, and that the motorman was in a position to see the condition of the horse and rider, and by slackening his speed could have prevented the accident.

Verdict for plaintiff for $1,000. Defendant appealed.

*Error assigned* was declining to affirm defendant's point, which point and answer was as follows:

1. Under all the evidence in this case the verdict should be for the defendant. *Answer:* You will understand, gentlemen, that that asks me to take the whole question from the jury, and it requests that the court shall determine that there is not sufficient evidence to submit the case to the jury for their consideration. I cannot do that; I must leave you to determine the questions which I have submitted for your consideration without expressing any opinion as to what conclusion you should reach on these points.

*W. B. Broomall,* for appellant.—The question in this case is whether there was any evidence of negligence in the movement of the car to submit to the jury. The element of the speed of the car played no important part in the case: Yingst v. Railway Co., 167 Pa. 438.

*O. B. Dickinson,* for appellee.

Opinion by Orlady, J., December 7, 1896:

The refusal of appellant's only point,—" Under all the evidence in this case, the verdict should be for the defendant," is the sole error assigned.

A careful examination of the evidence discloses a number of

important, positive and direct contradictions between the plaintiff's and defendant's testimony on material questions, which could be settled only by submission to the jury under proper instructions.

Whether the motorman was negligent, or the plaintiff contributed in any degree to the injury; whether the horse was run into by the car, or backed against the side of the car; whether the accident was the result of a sudden emergency, the speed of the car, the conduct of the rider and motorman; the cause of the accident and the incidents attending the collision, were all fairly submitted in an impartial charge.

We cannot relieve against the finding of the facts by the jury, and the judgment is affirmed.